**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
LINDSAY LEVINSON,

                Plaintiff,

-against-

LASSO MARKETING, INC. and IQVIA, INC.,

                Defendants.
-------------------------------------------------------------------x

Case No.: 1:24-cv-09202-JLR

## ANSWER

Defendants Lasso Marketing, Inc. ("Lasso") and IQVIA, Inc. ("IQVIA") (collectively "Defendants") by and through their attorneys, Jackson Lewis P.C., hereby respond to the allegations in the Amended Complaint filed by Plaintiff Lindsay Levinson (hereinafter "Plaintiff") as follows:

### AS TO "NATURE OF ACTION"

1. Defendants deny each and every allegation set forth in Paragraph 1 of the Amended Complaint, except admit Plaintiff has been employed by Defendants for a period of time.

2. Defendants deny each and every allegation set forth in Paragraph 2 of the Amended Complaint, except admit IQVIA acquired Lasso in or about June 2022.

3. Defendants deny each and every allegation set forth in Paragraph 3 of the Amended Complaint.

4. Defendants deny each and every allegation set forth in Paragraph 4 of the Amended Complaint, except admit Plaintiff purports to bring this action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII"); the New York State Human Rights Law, N.Y. Executive Law § 296 et seq. ("NYSHRL"); and the New York City Human

Rights Law, Administrative Code of the City of New York § 8-107 et seq. ("NYCHRL").

## AS TO "JURISDICTION & VENUE"

5.  Defendants deny each and every allegation set forth in Paragraph 5 of the Amended Complaint, except admit Plaintiff purports jurisdiction is proper.

6.  Defendants deny each and every allegation set forth in Paragraph 6 of the Amended Complaint, except admit Plaintiff purports jurisdiction is proper.

7.  Defendants deny each and every allegation set forth in Paragraph 7 of the Amended Complaint, except admit Plaintiff purports venue is proper.

8.  Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 8 of the Amended Complaint.

9.  Defendants deny each and every allegation set forth in Paragraph 9 of the Amended Complaint, except admit Plaintiff purports to have satisfied applicable administrative pre-requisites.

## AS TO "PARTIES"

10. Defendants deny each and every allegation set forth in Paragraph 10 of the Amended Complaint, except admit Plaintiff has been employed by Defendants for a period of time and is on medical leave.

11. Defendants deny each and every allegation set forth in Paragraph 11 of the Amended Complaint, except admit Lasso was headquartered at 7701 N. Lamar Blvd., Ste 300, Austin TX 78752.

12. Defendants deny each and every allegation set forth in Paragraph 12 of the Amended Complaint., except admit IQVIA acquired Lasso in or about June 2022.

13. Defendants deny each and every allegation set forth in Paragraph 13 of the

Amended Complaint, except admit Plaintiff has been reporting to work at IQVIA's office in New York City.

## AS TO "FACTUAL ALLEGATIONS"

### AS TO "Plaintiff's Background"

14. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 14 of the Amended Complaint.

15. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 15 of the Amended Complaint.

16. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 16 of the Amended Complaint.

17. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 17 of the Amended Complaint.

### AS TO "Lasso Recruits Levinson to Join the Company"

18. Defendants deny each and every allegation set forth in Paragraph 18 of the Amended Complaint, except admit Gregory Field and Mike DiNorscio are white men.

19. Defendants deny each and every allegation set forth in Paragraph 19 of the Amended Complaint.

20. Defendants deny each and every allegation set forth in Paragraph 20 of the Amended Complaint.

21. Defendants deny each and every allegation set forth in Paragraph 21 of the Amended Complaint.

22. Defendants deny each and every allegation set forth in Paragraph 22 of the Amended Complaint.

23. Defendants deny each and every allegation set forth in Paragraph 23 of the Amended Complaint, except admit Plaintiff negotiated for and received additional compensation before beginning employment with Lasso.

24. Defendants deny each and every allegation set forth in Paragraph 24 of the Amended Complaint.

25. Defendants deny each and every allegation set forth in Paragraph 25 of the Amended Complaint.

26. Defendants deny each and every allegation set forth in Paragraph 26 of the Amended Complaint.

### AS TO "Levinson's Successful Career at Lasso"

27. Defendants deny each and every allegation set forth in Paragraph 27 of the Amended Complaint, except admit Lasso hired Plaintiff as an Engagement Director in or about March 2020.

28. Defendants deny each and every allegation set forth in Paragraph 28 of the Amended Complaint.

29. Defendants deny each and every allegation set forth in Paragraph 29 of the Amended Complaint.

30. Defendants deny each and every allegation set forth in Paragraph 30 of the Amended Complaint.

31. Defendants deny each and every allegation set forth in Paragraph 31 of the Amended Complaint.

### AS TO "Lasso Repeatedly Assigns Men to More Senior Roles Than Levinson"

32. Defendants deny each and every allegation set forth in Paragraph 32 of the Amended Complaint.

33. Defendants deny each and every allegation set forth in Paragraph 33 of the Amended Complaint.

### AS TO "Lasso Hires a Less Qualified Man to Be Levinson's Supervisor"

34. Defendants deny each and every allegation set forth in Paragraph 34 of the Amended Complaint, except admit Lasso hired Matthew Falcone as Vice President of Client Services in or about May 2020.

35. Defendants deny each and every allegation set forth in Paragraph 35 of the Amended Complaint, except admit Mr. Falcone is a white man.

36. Defendants deny each and every allegation set forth in Paragraph 36 of the Amended Complaint.

37. Defendants deny each and every allegation set forth in Paragraph 37 of the Amended Complaint.

38. Defendants deny each and every allegation set forth in Paragraph 38 of the Amended Complaint.

39. Defendants deny each and every allegation set forth in Paragraph 39 of the Amended Complaint.

40. Defendants deny each and every allegation set forth in Paragraph 40 of the Amended Complaint.

41. Defendants deny each and every allegation set forth in Paragraph 41 of the Amended Complaint.

42. Defendants deny each and every allegation set forth in Paragraph 42 of the Amended Complaint, except admit Mr. Falcone was promoted to Senior Vice President of Account Services during his employment with Lasso.

### AS TO "Lasso Fails to Take Levinson Seriously for the Chief of Staff Role"

43. Defendants deny each and every allegation set forth in Paragraph 43 of the Amended Complaint.

44. Defendants deny each and every allegation set forth in Paragraph 44 of the Amended Complaint.

45. Defendants deny each and every allegation set forth in Paragraph 45 of the Amended Complaint.

46. Defendants deny each and every allegation set forth in Paragraph 46 of the Amended Complaint.

### AS TO "Lasso hires a Less Qualified Man and Assigns Him More Responsibilities Than Levinson"

47. Defendants deny each and every allegation set forth in Paragraph 47 of the Amended Complaint, except admit Lasso hired Monnish Choudhary as Director of Technical Account Management in or about January 2021.

48. Defendants deny each and every allegation set forth in Paragraph 48 of the Amended Complaint.

49. Defendants deny each and every allegation set forth in Paragraph 49 of the Amended Complaint.

50. Defendants deny each and every allegation set forth in Paragraph 50 of the Amended Complaint, except admit Mr. Choudhary did not have a Master's Degree in Business

Administration.

51. Defendants deny each and every allegation set forth in Paragraph 51 of the Amended Complaint.

52. Defendants deny each and every allegation set forth in Paragraph 52 of the Amended Complaint.

53. Defendants deny each and every allegation set forth in Paragraph 53 of the Amended Complaint.

### AS TO "The Company Forces Levinson to Repeatedly Ask for a Promotion and Better Compensation"

54. Defendants deny each and every allegation set forth in Paragraph 54 of the Amended Complaint.

55. Defendants deny each and every allegation set forth in Paragraph 55 of the Amended Complaint, except admit Plaintiff was promoted to Director of Account Management in or about May 2021.

56. Defendants deny each and every allegation set forth in Paragraph 56 of the Amended Complaint.

### AS TO "Lasso Further Discriminates Against Levinson"

57. Defendants deny each and every allegation set forth in Paragraph 57 of the Amended Complaint.

58. Defendants deny each and every allegation set forth in Paragraph 58 of the Amended Complaint.

59. Defendants deny each and every allegation set forth in Paragraph 59 of the Amended Complaint.

60. Defendants deny each and every allegation set forth in Paragraph 60 of the Amended Complaint.

61. Defendants deny each and every allegation set forth in Paragraph 61 of the Amended Complaint.

62. Defendants deny each and every allegation set forth in Paragraph 62 of the Amended Complaint.

63. Defendants deny each and every allegation set forth in Paragraph 63 of the Amended Complaint.

64. Defendants deny each and every allegation set forth in Paragraph 64 of the Amended Complaint.

65. Defendants deny each and every allegation set forth in Paragraph 65 of the Amended Complaint.

66. Defendants deny each and every allegation set forth in Paragraph 66 of the Amended Complaint.

67. Defendants deny each and every allegation set forth in Paragraph 67 of the Amended Complaint.

68. Defendants deny each and every allegation set forth in Paragraph 68 of the Amended Complaint.

69. Defendants deny each and every allegation set forth in Paragraph 69 of the Amended Complaint.

**AS TO "Lasso Discriminates Against Other Female Employees"**

70. Defendants deny each and every allegation set forth in Paragraph 70 of the Amended Complaint.

71. Defendants deny each and every allegation set forth in Paragraph 71 of the Amended Complaint.

72. Defendants deny each and every allegation set forth in Paragraph 72 of the Amended Complaint.

73. Defendants deny each and every allegation set forth in Paragraph 73 of the Amended Complaint.

74. Defendants deny each and every allegation set forth in Paragraph 74 of the Amended Complaint.

75. Defendants deny each and every allegation set forth in Paragraph 75 of the Amended Complaint.

**AS TO "Levinson Made Protected Amended Complaints in 2021"**

76. Defendants deny each and every allegation set forth in Paragraph 76 of the Amended Complaint.

77. Defendants deny each and every allegation set forth in Paragraph 77 of the Amended Complaint.

78. Defendants deny each and every allegation set forth in Paragraph 78 of the Amended Complaint.

79. Defendants deny each and every allegation set forth in Paragraph 79 of the Amended Complaint.

80. Defendants deny each and every allegation set forth in Paragraph 80 of the

Amended Complaint.

## AS TO "Lasso's False Promises"

81. Defendants deny each and every allegation set forth in Paragraph 81 of the Amended Complaint.

82. Defendants deny each and every allegation set forth in Paragraph 82 of the Amended Complaint.

83. Defendants deny each and every allegation set forth in Paragraph 83 of the Amended Complaint.

## AS TO "The Company Fails to Appoint Levinson to the Senior Leadership Team"

84. Defendants deny each and every allegation set forth in Paragraph 84 of the Amended Complaint.

85. Defendants deny each and every allegation set forth in Paragraph 85 of the Amended Complaint.

86. Defendants deny each and every allegation set forth in Paragraph 86 of the Amended Complaint.

87. Defendants deny each and every allegation set forth in Paragraph 87 of the Amended Complaint.

## AS TO "The IQVIA Acquisition Confirms That the Company Compensates Levinson Less Than the Men"

88. Defendants deny each and every allegation set forth in Paragraph 88 of the Amended Complaint.

89. Defendants deny each and every allegation set forth in Paragraph 89 of the Amended Complaint.

90. Defendants deny each and every allegation set forth in Paragraph 90 of the Amended Complaint.

91. Defendants deny each and every allegation set forth in Paragraph 91 of the Amended Complaint.

92. Defendants deny each and every allegation set forth in Paragraph 92 of the Amended Complaint.

93. Defendants deny each and every allegation set forth in Paragraph 93 of the Amended Complaint.

94. Defendants deny each and every allegation set forth in Paragraph 94 of the Amended Complaint.

95. Defendants deny each and every allegation set forth in Paragraph 95 of the Amended Complaint.

### AS TO "After the Acquisition, Levinson Makes Additional Protected Amended Complaints"

96. Defendants deny each and every allegation set forth in Paragraph 96 of the Amended Complaint, except admit Plaintiff has been employed by IQVIA as an Associate Director, Key Account Management.

97. Defendants deny each and every allegation set forth in Paragraph 97 of the Amended Complaint.

98. Defendants deny each and every allegation set forth in Paragraph 98 of the Amended Complaint.

99. Defendants deny each and every allegation set forth in Paragraph 99 of the Amended Complaint.

100. Defendants deny each and every allegation set forth in Paragraph 100 of the Amended Complaint.

### AS TO "Levinson's Medical Leave"

101. Defendants deny each and every allegation set forth in Paragraph 101 of the Amended Complaint, except admit Plaintiff has been on a medical leave of absence since September 13, 2022.

### AS TO "FIRST CAUSE OF ACTION
### Gender Discrimination in Violation of Title VII"

102. Defendants repeat, reallege, and incorporate by reference each and every response set forth in Paragraphs 1 through 101 above, as if fully set forth herein in response to Paragraph 102 of the Amended Complaint.

103. Defendants deny each and every allegation set forth in Paragraph 103 of the Amended Complaint.

104. Defendants deny each and every allegation set forth in Paragraph 104 of the Amended Complaint.

105. Defendants deny each and every allegation set forth in Paragraph 105 of the Amended Complaint.

### AS TO "SECOND CAUSE OF ACTION
### Gender Discrimination in Violation of the NYSHRL"

106. Defendants repeat, reallege, and incorporate by reference each and every response set forth in Paragraphs 1 through 105 above, as if fully set forth herein in response to Paragraph 106 of the Amended Complaint.

107. Defendants deny each and every allegation set forth in Paragraph 107 of the Amended Complaint.

108. Defendants deny each and every allegation set forth in Paragraph 108 of the Amended Complaint.

109. Defendants deny each and every allegation set forth in Paragraph 109 of the Amended Complaint.

## AS TO "THIRD CAUSE OF ACTION
## Gender Discrimination in Violation of the NYSHRL"

110. Defendants repeat, reallege, and incorporate by reference each and every response set forth in Paragraphs 1 through 109 above, as if fully set forth herein in response to Paragraph 110 of the Amended Complaint.

111. Defendants deny each and every allegation set forth in Paragraph 111 of the Amended Complaint.

112. Defendants deny each and every allegation set forth in Paragraph 112 of the Amended Complaint.

113. Defendants deny each and every allegation set forth in Paragraph 113 of the Amended Complaint.

## AS TO "FOURTH CAUSE OF ACTION
## Retaliation in Violation of Title VII"

114. Defendants repeat, reallege, and incorporate by reference each and every response set forth in Paragraphs 1 through 113 above, as if fully set forth herein in response to Paragraph 114 of the Amended Complaint.

115. Defendants deny each and every allegation set forth in Paragraph 115 of the Amended Complaint.

116. Defendants deny each and every allegation set forth in Paragraph 116 of the Amended Complaint.

117. Defendants deny each and every allegation set forth in Paragraph 117 of the

Amended Complaint.

### AS TO "FIFTH CAUSE OF ACTION
### Retaliation in Violation of the NYSHRL"

118.   Defendants repeat, reallege, and incorporates by reference each and every response set forth in Paragraphs 1 through 117 above, as if fully set forth herein in response to Paragraph 118 of the Amended Complaint.

119.   Defendants deny each and every allegation set forth in Paragraph 119 of the Amended Complaint.

120.   Defendants deny each and every allegation set forth in Paragraph 120 of the Amended Complaint.

121.   Defendants deny each and every allegation set forth in Paragraph 121 of the Amended Complaint.

### AS TO "SIXTH CAUSE OF ACTION
### Retaliation in Violation of the NYCHRL"

122.   Defendants repeat, reallege, and incorporate by reference each and every response set forth in Paragraphs 1 through 121 above, as if fully set forth herein in response to Paragraph 122 of the Amended Complaint.

123.   Defendants deny each and every allegation set forth in Paragraph 123 of the Amended Complaint.

124.   Defendants deny each and every allegation set forth in Paragraph 124 of the Amended Complaint.

125.   Defendants deny each and every allegation set forth in Paragraph 125 of the Amended Complaint.

## AS TO "RELIEF REQUESTED"

The "WHEREFORE" clause following Paragraph 125 of the Amended Complaint, including subparagraphs "a" through "h," sets forth Plaintiff's prayer for relief to which no responsive pleading is required. However, to the extent a responsive pleading is required, Defendants deny that Plaintiff is entitled to any relief whatsoever.

## AS TO "DEMAND FOR JURY TRIAL"

The "DEMAND FOR JURY TRIAL" clause following Paragraph 125 of the Amended Complaint, sets forth Plaintiff's demand for a jury trial to which no responsive pleading is required.

## DEFENDANTS' AFFIRMATIVE AND OTHER DEFENSES

126. Defendants assert the following affirmative and other defenses without assuming any burden of proof that Defendants would not otherwise have.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

127. Plaintiff's Amended Complaint should be dismissed because it fails to state, in whole or in part, a cause of action upon which relief could be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

128. Plaintiff's Amended Complaint fails to state a claim, in whole or in part, upon which compensatory, punitive and/or liquidated damages may be awarded.

## AS AND FOR A THIRD AFFIRMATIVE DEENSE

129. Plaintiff's Amended Complaint and each cause of action alleged therein is barred by the doctrine of after-acquired evidence.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

130. Plaintiff's Amended Complaint should be dismissed because at all times relevant hereto, Defendants acted in good faith and has not violated any rights which may be secured to Plaintiff under any federal, state or local laws, rules, regulations or guidelines.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

131. Plaintiff's Amended Complaint should be dismissed because all actions taken by Defendants with respect to Plaintiff were undertaken in good faith and for legitimate business reasons unrelated to Plaintiff's gender and/or participation in statutorily protected activity.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**

132. Each and every action taken by Defendants with respect to Plaintiff was based on reasonable factors other than Plaintiff's gender and/or participation in statutorily protected activity.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**

133. Defendants would have made the same decisions regarding Plaintiff regardless of any alleged protected status or activity.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE**

134. Plaintiff's claims are barred, in whole or in part, because each of the action allegedly taken by Defendants with respect to Plaintiff's employment were based on a bona fide occupational qualification.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE**

135. Plaintiff fails to state a claim for disparate treatment because no adverse employment action was involved and no material benefits or conditions of Plaintiff's employment

were significantly altered.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

136. Plaintiff did not perform job duties substantially equal to those performed by any male comparator.

## AS TO AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

137. Plaintiff was not currently, and has not in the past, been paid less than male employees for performing the same or substantially similar job positions requiring equal skills, effort and responsibility.

## AS TO AND FOR A TWELFTH AFFIRMATIVE DEFENSE

138. Plaintiff's claims for discrimination are barred and/or any recovery of damages is precluded, in whole or in part, because Defendants exercised reasonable care to prevent any alleged discriminatory behavior.

## AS TO AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

139. Plaintiff's claims for discrimination and retaliation are barred and/or any recovery of damages is precluded because Plaintiff unreasonably failed to take advantage of Defendant's preventative and/or corrective opportunities or other avoid harm.

## AS TO AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

140. Plaintiff's Amended Complaint should be dismissed and the demands for relief stated herein should be denied because Plaintiff has failed, in whole or in part, to mitigate her alleged damages.

## AS TO AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

141. Plaintiff's claims are barred, in whole or in part, by the exclusivity provisions of the New York State Workers' Compensation Law.

### AS TO AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

142. To the extent Plaintiff suffered any damages or losses for which Plaintiff seeks to hold Defendants responsible, those damages or losses were caused in whole or in part by Plaintiff's own acts, conduct, or omissions or the acts, conduct, or omissions of third parties.

### AS TO AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

143. Plaintiff's claims are barred, in whole or in part, because Plaintiff did not suffer any damages attributable to any alleged wrongful conduct by Defendants.

### AS TO AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

144. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

### AS TO AND FOR A NINTEENTH AFFIRMATIVE DEFENSE

145. Plaintiff's claims for punitive damages are not recoverable under every cause of action alleged in Plaintiff's Amended Complaint.

### AS TO AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

146. Plaintiff's punitive damages claim is barred because Defendants at no time engaged in discriminatory practices or actions intentionally, with malice, and/or with reckless disregard of Plaintiff's or other employees' statutory rights.

### RESERVATION OF DEFENSES

147. Defendants reserve the right to amend their Answer to raise affirmative defenses as facts supporting those claims become known through the course of discovery.

**WHEREFORE,** Defendants pray that:

(a) Plaintiff's Amended Complaint be dismissed with prejudice;

(b) Each and every demand, claim, and prayer for relief contained in Plaintiff's

>> Amended Complaint be denied;
>
> (c) Defendants be awarded reimbursement for costs and attorneys' fees of defending this action; and,
>
> (d) Such other and further relief is deemed just and proper.

Respectfully submitted,

JACKSON LEWIS P.C.
666 Third Avenue, 28th Floor
New York, New York 10017

By: _/s/ Mary A. Smith_____

Mary A. Smith
Caterina Catalano

Dated: February 14, 2025
       New York, New York

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

LINDSAY LEVINSON,

                Plaintiff,

-against-

                Case No.: 1:24-cv-09202-JLR

LASSO MARKETING, INC. and IQVIA, INC.,

                Defendants.

-------------------------------------------------------------------x

## **CERTIFICATE OF SERVICE**

        I hereby certify that upon filing the foregoing Answer To Plaintiff's Amended Complaint via ECF, a copy of said document was simultaneously served via email and regular U.S. Mail on this 14th day of February 2025 on Plaintiff's counsel at the addresses set forth below:

Jeremiah Iadevaia, Esq.
Demitrios E. Kalomiris, Esq.
Vladeck, Raskin & Clark, P.C.
111 Broadway, Suite 1505
New York, New York 10006
jiadevaia@Vladeck.com
jkalomiris@vladeck.com
*Attorneys for Plaintiff*

                                                _____
                                                Caterina Catalano

4908-7707-0873, v. 6