**JacksonLewis**

**Jackson Lewis P.C.**
666 Third Avenue, 28th Floor
New York, New York 10017
(212) 545-4000 Main
jacksonlewis.com

June 4, 2025

**VIA ECF**

Hon. Jennifer L. Rochon
United States District Court
Southern District of New York
500 Pearl Street, Room 1920
New York, NY 10007

**Re:   Lindsay Levinson v. Lasso Marketing, Inc., and IQVIA, Inc.**
       **No. 1:24-CV-00202-JLR**

Dear Judge Rochon:

We represent Defendants in the above referenced matter. We submit this joint status letter with counsel for Plaintiff Lindsay Levinson pursuant to Section 2(D) of Your Honor's Individual Rules of Practice in Civil Cases and Your Honor's February 19, 2025 Order (ECF No. 16).

### 1. Brief Statement of Action and Defenses

Plaintiff commenced this action on December 2, 2024. Defendants filed their Answer to the Complaint on February 14, 2025.

**Plaintiff's Statement:** Levinson brings this action to remedy discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"); the New York State Human Rights Law, N.Y. Exec. Law § 296 et seq. (the "NYSHRL"); and the Administrative Code of the City of New York § 8-107 et seq. (the "NYCHRL").

Levinson is a highly successful young professional. In early 2020, Lasso, then an early-stage startup, recruited Levinson to join the Company to lead its Customer Success team. Despite being the Company's fifth employee and an experienced Customer Success professional, Lasso's leaders—all men—repeatedly ignored Levinson's contributions to the Company, failed to consider her for promotions, and hired less experienced and qualified men to more senior positions and paid them more.

In July 2022, IQVIA acquired Lasso. As part of the transaction, Levinson learned that the Company had significantly underpaid her as compared to Lasso's male employees, including a less experienced man whom the Company hired as her supervisor. Not only was Levinson's annual salary significantly less than male employees,

but men with less experience, worse qualifications, and shorter tenures at the Company received more than three times as much as Levinson, with one man receiving more than five times as much. In addition, the Company also treated other women worse than its male employees and leaders, including with regards to their compensation.

Following the acquisition, Levinson continued to have a lesser title and lower pay than her male Lasso counterparts. Levinson made multiple protected complaints to various Company leaders, all of whom firmly pushed back on Levinson and made clear that there would be no changes to her level or compensation.

As a result of the Company's discriminatory conduct, Levinson's health suffered significantly. Due to her suffering health, Levinson began a medical leave of absence on September 13, 2022. She recently returned to work.

**Defendants' Statement**: Defendants vehemently deny Plaintiff's allegations of discrimination. Although Ms. Levinson alleges that she was unfairly compensated and passed over for promotion because of her gender, all of Defendants' compensation decisions were all based on legitimate, non-discriminatory factors such as skills, relevant technical and management-level work experience and familiarity with Lasso's product offerings. Likewise, Plaintiff's retaliation claim is not viable because she did not suffer any adverse employment action. Significantly, Ms. Levinson is a current employee of IQVIA. Plaintiff thus cannot point to any loss of salary or benefits because of her alleged protected activity.

## 2. Brief Explanation of Jurisdiction and Venue

This Court has subject matter jurisdiction over Plaintiff's claims under Title VII of the Civil Rights Act of 1964 (Title VII) pursuant to 28 U.S.C. § 1331. Supplemental jurisdiction over Plaintiff's New York State Human Rights Law and New York City Human Rights Law is conferred by 28 U.S.C. § 1367(a). Venue is proper because the acts and/or omissions giving rise to the claims alleged herein occurred in this District. In the event all of Plaintiff's federal claims are dismissed, Defendants reserve the right to contest whether it is appropriate for the Court to maintain supplemental jurisdiction over the remaining claims.

## 3. Statement of Existing Deadlines, Due Dates, and/or Cut-Off Dates

See proposed Civil Case Management Plan and Scheduling Order, attached hereto as **Exhibit A**.

## 4. Brief Description of Outstanding Motions

There are no outstanding motions at this time.

## 5. Brief Description of Discovery

Prior to the court-ordered mediation on May 19, 2025, the Parties exchanged documents and information required by the Pilot Discovery Protocols for Counseled Employment Discrimination cases. Discovery is ongoing.

## 6. Status of Settlement Discussions

The Parties participated in court-ordered mediation on May 19, 2025. While this mediation was unsuccessful, the Parties have rescheduled another mediation for September 4, 2025 to allow for the completion of further discovery.

## 7. Alternative Dispute Resolution

The Parties are still participating in the Court's mediation program and will be engaging in a second mediation on September 4, 2025.

## 8. Additional Information

None at this time.

We thank the Court for your courtesy in this regard.

Very truly yours,


Mary A. Smith, Esq.
(212) 545-4002
Mary.Smith@jacksonlewis.com
Jackson Lewis P.C.


cc:   Jeremiah Iadevaia, Esq., Plaintiff's Counsel (via ECF)
      Demitrios (Jimmy) Kalomiris, Esq., Plaintiff's Counsel (via ECF)