# JacksonLewis

**Jackson Lewis P.C.**
666 Third Avenue
New York NY 10017-4030
(212) 545-4000 Main
(212) 972-3213 Fax
jacksonlewis.com

January 12, 2026

**VIA ECF**

Hon. Jennifer L. Rochon
United States District Court
Southern District of New York
500 Pearl Street, Room 20B
New York, NY 10007

> Request GRANTED. All deadlines for discovery are extended as set forth below. The post-discovery pretrial conference is ADJOURNED until **June 1, 2026** at **11:00 a.m.**
>
> Date: January 13, 2026
>       New York, New York
>
> **SO ORDERED.**
>
> *Jennifer Rochon*
>
> **JENNIFER L. ROCHON**
> **United States District Judge**

**Re:   Lindsay Levinson v. Lasso Marketing, Inc. et al.
       No. 1:24-CV-09202-JLR**

Dear Judge Rochon:

We represent Defendants in the above-referenced matter. We write jointly with counsel for Plaintiff to respectfully request sixty (60) day extensions of time to complete fact and expert discovery from January 13, 2026 to March 13, 2026 for fact discovery, and from March 2, 2026 to May 1, 2026, for expert discovery. Pursuant to Section 1(F) of Your Honor's Individual Rules of Practice in Civil Cases: (1) the deadlines to complete fact and expert discovery are currently January 13, 2026 and March 2, 2026, respectively, and the parties seek to extend the deadlines to March 13, 2026 and May 1, 2026, respectively; (2-3) this is the parties' second for an extension of discovery, and the first request was granted; and (4) counsel for Plaintiff has consented to this request.

Good cause exists for this second request for an extension of time. First, the parties have diligently pursued discovery by exchanging pre-discovery documents, serving discovery demands, and producing ESI on a rolling basis. While the parties have worked to narrow the volume of ESI, the number of documents both parties are reviewing is extensive due to the unique set of facts herein. The substantive claims of gender discrimination with respect to Plaintiff's compensation and advancement relate largely to her employment with Lasso Marketing. IQVIA Inc. acquired Lasso Marketing, Inc. in a stock purchase transaction. Lasso Marketing did not have an HRIS which would have housed personnel or employee-related documents in a single location. As a result, the bulk of substantive information is contained within the ESI of multiple custodians across two entities, with different communication and storage systems. To date, Defendants have produced over 2,000 pages of documents and are continuing to review over 60,000 documents for rolling production.

Second, several key witnesses (former Lasso leaders and decision-makers) have left IQVIA's employment and are represented by independent counsel. The parties have had to track down and subpoena their testimony. Due to the significant ESI review and exchange, depositions have not yet been conducted.

# JacksonLewis

Third, the parties have also participated in mediation and intend to participate in a second mediation on February 17, 2026 in an effort to resolve the matter without further litigation.

Fourth, counsel for Defendants had two cases, a state court trial which was extended from late November into December, and then a trial in the Western District of New York scheduled to begin on February 2, which severely impacted defense counsel's ability to competently review the ESI for the rolling production. Defense counsel is fully committed to devoting substantial time and effort to timely complete discovery.

The requested extension will allow the parties additional time to complete discovery and to continue good-faith efforts to resolve the case through a second mediation.

We apologize for the delay and we would greatly appreciate your courtesy in this regard.

Very truly yours,

*Mary A. Smith*

Mary A. Smith, Esq.
(212) 545-4002
Mary.Smith@jacksonlewis.com
Jackson Lewis P.C.

cc:   Jeremiah Jospeh Iadevaia, Esq., Plaintiff's Counsel (via ECF)
      Demitrios Elias Kalomiris, Esq., Plaintiff's Counsel (via ECF)