# VRC | VLADECK RASKIN CLARK P.C.

Jeremiah Iadevaia
(212) 403-7323
jiadevaia@vladeck.com

May 12, 2026

<u>VIA ECF</u>

Honorable Jennifer L. Rochon
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Request for a stay of discovery GRANTED.  The parties shall file a joint status letter with the Court within one business day after the completion of mediation or by **August 11, 2026**, whichever is earlier.

Date:    May 13, 2026
         New York, New York

SO ORDERED.

*Jennifer Rochon*
JENNIFER L. ROCHON
**United States District Judge**

Re:    Lindsay Levinson v. Lasso Marketing, Inc. et al.
       Case No.: No. 1:24-cv-09202 (JLR)

Dear Judge Rochon:

We represent Plaintiff Lindsay Levinson in the above-referenced matter. We write jointly with counsel for Defendants to respectfully request a stay of discovery while the Parties engage in private mediation at JAMS. The Parties have selected a mediator and scheduled mediation for June 30, 2026. An important consideration for the parties in agreeing to engage a private mediator was to hopefully limit further litigation costs, including the costs of depositions. Thus, the Parties request a stay of discovery to prepare for mediation and avoid the expenses associated with depositions of the Parties and third-party witnesses in the litigation. If this request is granted, the parties will let the Court know the business day following the mediation whether a resolution has been reached or if the stay should be lifted and, if so, provide a proposed schedule for completing discovery.

To the extent that the Court is not inclined to grant the above request, as an alternative, the Parties ask for an extension of time to complete fact discovery to July 31, 2026. Pursuant to Section 1(F) of Your Honor's Individual Rules of Practice in Civil Cases: (1) the deadline to complete fact and expert discovery is currently May 29, 2026, and the parties seek to extend it to June 30, 2026; (2-3) this is the parties' fourth request for an extension of discovery, and the previous requests were granted; and (4) the parties make this request jointly.

Further in the alternative, if the above requests are not acceptable, the parties respectfully request a conference to discuss this matter.

There is good cause for this request. First, the Parties have diligently pursued discovery by exchanging pre-discovery documents, serving discovery demands, and producing ESI on a rolling basis. While the Parties have worked to narrow the volume of ESI, the number of documents both Parties are reviewing is extensive due to the unique set of facts herein. The substantive claims of gender discrimination with respect to Plaintiff's compensation and advancement relate largely to her employment with Lasso Marketing. IQVIA Inc. acquired Lasso Marketing, Inc. in a stock purchase transaction. Lasso Marketing did not have an HRIS which would have housed personnel

Hon. Jennifer L. Rochon
May 12, 2026
Page 2

or employee-related documents in a single location. As a result, the bulk of substantive information is contained within the ESI of multiple custodians across two entities, with different communication and storage systems. To date, Defendants have produced over 30,000 pages of documents and are continuing to review over 10,000 documents for rolling production. Plaintiff has produced over 1,300 pages of documents.

Second, nearly all key witnesses (former Lasso leaders and decision-makers) have left IQVIA's employment and are now represented by independent counsel. The Parties have had to track down and subpoena their testimony. There will be at least three full-day non-party depositions in this matter. These witnesses have only provided limited availability for their depositions. Due to both the significant ESI review and exchange and the unavailability of witnesses, depositions have not yet been conducted. However, depositions are tentatively being scheduled for later this month, depending on the outcome of this request.

Third, there is a similar action pending in this District before the Honorable Judge Engelmayer, Grace Young v. Lasso Marketing, Inc. et al., 1:24-cv-9204. Many of the witnesses in that action are the same as the witnesses here, including third-party witnesses. There, discovery is currently stayed pending a mediation on May 28, 2026. If that matter does not settle at mediation, it would be most efficient if the parties in both matters could schedule depositions on a similar schedule.

The parties greatly appreciate your courtesy in this regard.

Respectfully submitted,

/s/ Jeremiah Iadevaia

Jeremiah Iadevaia

cc:    All counsel of record (via ECF)